**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**HATTIESBURG DIVISION**

**CRAWTHORNE POOLE**                                                                                          **PLAINTIFF**

**v.**                                                                        **CIVIL ACTION NO. 2:11cv158-KS-MTP**

**BEN FORD, BRIAN PATTERSON,**                                                                        **DEFENDANTS**
**and ANGIE H. DEIL**

## ORDER

This order addresses Plaintiff's [20] Motion for Appointment of Counsel, as well as

Defendants' [19] Motion for Omnibus Hearing.  Having considered the motions and the entire

record in this matter, as well as the applicable law, the Court finds that the [20] motion to appoint

counsel should be denied and the [19] motion for omnibus hearing should be granted.

## DISCUSSION

This is a prisoner civil rights cause of action.  There is no right to the automatic

appointment of counsel in a civil case under 28 U.S.C. § 1915.  *Salmon v. Corpus Christi*

*Independent School District*, 911 F.2d 1165, 1166 (5th Cir. 1990); *Ulmer v. Chancellor*, 691

F.2d 209, 212 (5th Cir. 1982); *Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982).  Section

1915(e)(1) authorizes federal courts only to request that a particular attorney undertake the

representation of a litigant proceeding *in forma pauperis*; it does not authorize the Court to make

coercive appointments of counsel.  *See Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490

U.S. 296, 310 (1989).  Indigent litigants in federal civil rights cases generally possess no

constitutional or statutory right to appointed counsel.  *See Jackson v. Cain*, 864 F.2d 1235, 1242

(5th Cir. 1989); *Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987).  A trial court is not required to

appoint counsel for an indigent party in a civil rights lawsuit unless the case presents truly

exceptional circumstances. *See Freeze v. Griffith*, 849 F.2d 172, 175 (5th Cir. 1988); *Good v. Allain*, 823 F.2d 64, 66 (5th Cir. 1987); *Feist v. Jefferson County Comm'rs Court*, 778 F.2d 250, 253 (5th Cir. 1985); *see also Ulmer*, 691 F.2d at 212 (5th Cir. 1982).  Although no comprehensive definition of "exceptional circumstances" is practical, the existence of such circumstances will necessarily turn on two basic considerations: (1) the type and complexity of the case and (2) the abilities of the individual bringing it.  *See Freeze*, 849 F.2d at 175; *Good*, 823 F.2d at 66; *Feist*, 778 F.2d at 253; *see also Ulmer*, 691 F.2d at 212.

The United States Court of Appeals for the Fifth Circuit has directed trial courts to consider whether the appointment of counsel would be of service not only to the plaintiff, but also possibly to the Court and the defendant, through sharpening of issues, the shaping of the examination and cross-examination of witnesses, and, thus, the shortening of trial and assisting in a just determination.  *See Cooper v. Sheriff, Lubbock County, Texas*, 929 F.2d 1078, 1084 (5th Cir. 1991); *Jackson v. Dallas Police Dep't*, 811 F.2d 260, 262 (5th Cir. 1986); *Feist*, 778 F.2d at 253; *see also Ulmer*, 691 F.2d at 213.

This Court is given considerable discretion in determining whether to appoint counsel. *Id*.  Under the circumstances presented in the instant case, the Court has determined that Plaintiff's pleadings contain no novel points of law which would indicate the presence of "exceptional circumstances."  Indeed, the complaint and other documents filed by Plaintiff present rather straightforward claims arising from Plaintiff's conditions of confinement at the Covington County, Mississippi Jail.  The issues are not complex and do not merit or justify the appointment of counsel.

The record also shows that Plaintiff is able to effectively communicate and present his

side of the case as evidenced in the pleadings filed by Plaintiff to date.  Moreover, with respect to

discovery and other preliminary matters, the Court can assist Plaintiff in obtaining any necessary

discovery to support his claims.[1]

Plaintiff's motion simply does not establish any "exceptional circumstances."  Therefore,

counsel will not be appointed to the Plaintiff at this juncture of the proceedings.  Accordingly,

**IT IS ORDERED**:

Plaintiff's [20] Motion for Appointment for Counsel is **DENIED**.

Defendants' [19] Motion for Omnibus Hearing is **GRANTED**, and will be set for a

specific time and date by separate order**.**

Failure to advise this Court of a change of address or failure to comply with any order of

this Court will be deemed as a purposeful delay and contumacious act by the Plaintiff and may

result in the dismissal of this case.

**SO ORDERED** this the 20th day of December, 2011.

s/Michael T. Parker
United States Magistrate Judge

---

[1]The Court will schedule an omnibus hearing at the appropriate time to provide the
Plaintiff with assistance in obtaining relevant documentation, set discovery parameters, and
address other case management issues.

3