**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION**

**CRAWTHORNE POOLE**                                                                    **PLAINTIFF**

**v.**                                                        **CIVIL ACTION NO. 2:11cv158-KS-MTP**

**BEN FORD, et al.**                                                            **DEFENDANTS**

## REPORT AND RECOMMENDATION

This matter is before the Court *sua sponte*, upon Plaintiff's failure to prosecute and failure to comply with certain orders of the Court. Based on the record in this case and the applicable law, the undersigned recommends that this action be dismissed without prejudice.

Pursuant to Fed. R. Civ. P. 41(b),[1] a trial court has discretionary authority to dismiss an action *sua sponte* for the Plaintiff's failure to prosecute or comply with any order of the Court. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); *Larson v. Scott*, 157 F.3d 1030, 1031-32 (5th Cir. 1998). The power of the courts "to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to . . . clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief . . . so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 629-631; *see also Lopez v. Aransas County Independent School District*, 570 F.2d 541, 544 (5th Cir. 1978) (discussing trial court's Rule 41(b) discretionary authority). This case exemplifies the type of inaction that warrants Rule 41(b) dismissal.

Plaintiff Crawthorne Poole, proceeding *pro se* and *in forma pauperis*, filed his civil rights

---

[1] The rule reads, in pertinent part, as follows: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."

Complaint [1] on August 1, 2011. At the time Plaintiff filed his complaint, he was incarcerated at the Covington County Jail. Based on returned mail discussed below, it appears that Plaintiff is no longer incarcerated there.

On April 12, 2012, this Court entered an [22] Order and [23] Amended Order setting an Omnibus Hearing in this matter. The docket reflects that these orders were forwarded to Plaintiff via regular United States mail, and were returned to the Court as undeliverable.

When these orders were returned, the Court on May 2, 2012 entered an [27] Order canceling the Omnibus Hearing and requiring Plaintiff to show cause "why this case should not be dismissed for failing to advise this Court of a change of address or failure to comply with any order of this Court." The [27] Order further provided: "If Plaintiff fails to timely show cause in writing, the undersigned shall recommend that this case be dismissed for failure to prosecute and/or failure to comply with this Court's orders."[2] This order was likewise forwarded to Plaintiff and it was also returned as undeliverable. *See* docket entry [28] (with the notations on the envelope "Gone" and "Return to Sender").

Plaintiff has failed to keep this Court advised of a change of address. Moreover, Plaintiff has not filed anything in this case since November 16, 2011. *See* docket entry [16]. Therefore, it also appears that Plaintiff has lost interest in this matter.

Based on Plaintiff's contumacious conduct and the clear record of delay in this matter, this case may be properly dismissed under Rule 41(b). *See Hejl v. State of Texas*, 664 F.2d 1273, 1274-75 (5th Cir. 1982); *see also Larson v. Scott*, *supra*, 157 F.3d at 1032 (affirming dismissal

---

[2]Similar warnings were contained in orders Plaintiff received. *See* docket entries [3] [5] [6] [8] [10] [13].

where plaintiff had been warned that dismissal could result from his failure to comply with court order); *Balawajder v. Parker*, 56 F.3d 1386 (5th Cir. 1995).

## RECOMMENDATION

As Plaintiff has failed in his obligations to prosecute his case and to comply with the Court's orders, it is the recommendation of the undersigned that this matter be DISMISSED WITHOUT PREJUDICE.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules, any party within fourteen (14) days after being served a copy of this recommendation, may serve and file written objections to the recommendation, with a copy to the judge, the magistrate judge, and the opposing party. The District Judge at the time may accept, reject, or modify in whole or part the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. 28 U.S.C. § 636(b)(1); *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).[3]

---

[3]*Douglass* referred to the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.

This the 4th day of June, 2012.

                                                <u>s/Michael T. Parker</u>
                                                United States Magistrate Judge